## UNITED STATES of America, Plaintiff–Appellant,

v.

## Adrian K. FINNELL, Defendant–Appellee.

### No. 93–2060.

United States Court of Appeals, Tenth Circuit.

Oct. 5, 1994.

David N. Williams, Senior Litigation Counsel and Asst. U.S. Atty. (Larry Gomez, Acting U.S. Atty., with him on the brief), Albuquerque, NM, for plaintiff-appellant.

Michael E. Vigil, Marchiondo, Vigil & Voegler, Albuquerque, NM (Thomas L. Brown, Westminster, CA, on the brief), for defendant-appellee.

Before KELLY, SETH and McWILLIAMS, Circuit Judges.

PAUL KELLY, Jr., Circuit Judge.

The government appeals from the district court's granting of Adrian Finnell's motion to suppress evidence obtained incident to a search of his luggage. We have jurisdiction under 18 U.S.C. § 3731 and we reverse for further proceedings.

We refer all to *United States v. Miller,* 811 F.Supp. 1485 (D.N.M.1993), for the facts relevant to this appeal. We have concluded that this appeal should be remanded in light of *United States v. Little,* 18 F.3d 1499 (10th Cir.1994) (en banc), insofar as the factors evaluated by the district court do not constitute a nonconsensual encounter as a matter of law. *See id.* at 1504–05. We do note our agreement with the district court's conclusion that reasonable suspicion did not exist when Agent Candelaria began questioning Mr. Finnell. *See United States v. Hall,* 978 F.2d 616, 621 (10th Cir.1992); *United States v. Bloom,* 975 F.2d 1447, 1458 (10th Cir.1992).

On remand, the district court should consider whether there existed a sufficient level of individualized suspicion necessary to seize Mr. Finnell's luggage. This inquiry should include whether this incident was really commenced by a search, whatever thereafter developed, requiring probable cause. *See Unit-*

587

header

*ed States v. Lemos,* 35 F.3d 513 (10th Cir. 1994) (Seth, J., concurring).

REVERSED and REMANDED.

McWILLIAMS, Senior Circuit Judge, concurring.

I concur, but disassociate myself from the comment in the opinion that "[w]e do note our agreement with the district court's conclusion that reasonable suspicion did not exist when Agent Candelaria began questioning Mr. Finnell." I doubt that I agree with such comment, and in any event, deem it to be unnecessary.